Filed 5/26/16  P. v. Schmidt CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>TERRY SCHMIDT,<br><br>  Defendant and Appellant. | H042432<br>(Santa Clara County<br>Super. Ct. No. C1482559) |

Defendant Terry Schmidt pleaded no contest to a count of failing to register as a sex offender (Pen. Code, § 290, subd. (b)).[1]  He was sentenced to 32 months in prison. On appeal, his counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel has declared that defendant was notified that an independent review under *Wende* was being requested.  We advised defendant of his right to submit written argument on his own behalf within 30 days.  Thirty days have elapsed, and defendant has not submitted a letter brief.

Pursuant to *Wende*, we have reviewed the entire record and have concluded that there are no arguable issues.  We will provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed."  (*People v. Kelly* (2006) 40 Cal.4th 106, 110.)

---

[1] Unspecified statutory references are to the Penal Code.

BACKGROUND

On May 2, 2014, officers responded to a report of a disturbance at the Best Value Inn in Milpitas, California.[2]  Upon arriving at the hotel, officers encountered defendant and conducted a records check.  Defendant's records reflected that he was required to register as a sex offender under section 290, subdivision (a).  Defendant initially told officers that he had been living out of state, had returned to California only one year prior, and had previously registered in Hayward.  Later, when interviewed by officers at jail, defendant admitted that he had lied to the arresting officers about registering in Hayward.  By that time, he had been living in Milpitas for about a year.

On May 5, 2014, the district attorney's office filed a complaint charging defendant with a count of failing to register as a sex offender (§ 290, subd. (b)).  It was further alleged that defendant had two prior serious or violent felony convictions (prior strikes) for lewd or lascivious conduct with a minor under the age of 14 (§ 288, subd. (a)).[3]

On January 22, 2015, defendant filed a waiver of his rights and indicated that he would be pleading no contest to a count of failing to register as a sex offender (§ 290, subd. (b)).  The waiver of rights form indicated that he acknowledged that he could face a maximum sentence of 25 years to life.  During the change of plea hearing, the court gave an indicated sentence of 32 months.  Defendant pleaded no contest to the charge of failing to register and admitted he had two strike priors.

---

[2] The factual circumstances of the offense are taken from the probation officer's report, which is based on a report made by the Milpitas Police Department.

[3] Defendant's prior strikes occurred more than 20 years ago in 1993.  Defendant and his codefendant had one victim (between the age of nine to 11 years old), cut the codefendant's clothing off and rub baby oil over the codefendant's body, including her breasts and vaginal area.  This happened approximately three times.  The second victim, another child, directed the first victim into the codefendant's bedroom and told the first victim that defendant would strike him if he did not do as he was told.

On April 9, 2015, defendant filed a *Romero* motion,[4] asking the court to exercise its discretion to strike one of his prior strike convictions under section 1385. Defendant's motion noted that the two prior strike offenses stemmed from criminal conduct that occurred more than 20 years ago, in 1993. Additionally, the conduct underlying the convictions did not involve allegations that defendant *himself* touched or assaulted the victims. The People opposed the motion, arguing that defendant's entire criminal history included seven felony convictions and four misdemeanor convictions in California, Arkansas, and Tennessee.

On April 14, 2015, defendant filed a petition for a writ of habeas corpus with the trial court seeking to have his 1993 convictions vacated. The trial court denied the petition, because he was not presently in custody for the challenged offenses.

On May 1, 2015, the trial court partially granted defendant's *Romero* motion and struck one of his prior strike convictions. Defendant made an oral *Marsden* motion, which the court agreed to hear at a later date.[5]

Defendant filed another petition for writ of habeas corpus on May 7, 2015. The petition alleged that the county was unconstitutionally depriving him of the right to bail. The following day, defendant filed another petition for writ of habeas corpus seeking to disqualify the judge presiding over his case. The trial court denied both petitions, because defendant was represented by counsel and had filed the habeas petitions in propria persona.

On May 7, 2015, the court held a hearing on defendant's *Marsden* motion. Defendant withdrew his *Marsden* motion and moved to disqualify the trial court under Code of Civil Procedure section 170.6. The trial court denied the motion as untimely.

---

[4] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[5] *People v. Marsden* (1970) 2 Cal.3d 118. Earlier, defendant had filed another *Marsden* motion on March 20, 2015.

Defendant then moved to withdraw his plea, stating that he believed the court had misled him into thinking that he would get a sentence of less than 32 months. The court denied defendant's motion.

The trial court held a sentencing hearing on May 15, 2015. Before pronouncing defendant's sentence, the trial court denied defendant's numerous *Marsden* motions. Afterwards, defendant made a motion to disqualify the trial court judge under Code of Civil Procedure section 170.1, which the court denied. Thereafter, the court sentenced defendant to the indicated term of 32 months in prison. The trial court awarded him 379 days of actual custody credit and 378 days of conduct credit. Additionally, defendant was ordered to pay a $300 restitution fine (§ 1202.4, subd. (b)), $40 court security fee (§ 1465.8), $30 criminal conviction assessment (Gov. Code, § 70373), and a $129.75 criminal justice administration fee (Gov. Code, §§ 29550, 29550.1, 29550.2). An additional $300 restitution fine was imposed and suspended under section 1202.45.

Defendant timely appealed and requested a certificate of probable cause. The trial court denied his request for a certificate of probable cause on June 8, 2015.

We have conducted an independent review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly*, *supra*, 40 Cal.4th 106. We conclude there are no arguable issues on appeal.

## DISPOSITION

The judgment is affirmed.

4

 

 

 

_____

Premo, J.

 

WE CONCUR:

 

_____

Rushing, P.J.

 

_____

Márquez, J.

 

People v. Schmidt

H042432